FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 28 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> YAHOO! INC., <br><br> *Defendant*. | ) ) ) ) ) ) Civil Action No. _____ ) **1:10.CV-3509** ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

TO : THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

Defendant Yahoo! Inc. ("Yahoo!"), by and through its undersigned counsel, hereby files this Notice of Removal, removing to the United States District Court for the Northern District of Georgia, Atlanta Division, the above-titled action brought by Plaintiff Fayelynn Sams, individually and on behalf of a class of all others similarly situated, in the Superior Court of Fulton County, State of Georgia, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of its notice and as grounds for removal, Yahoo! states as follows:

1

1. On or about September 28, 2010, Plaintiff commenced the above-entitled civil action in the Superior Court of Fulton County, State of Georgia by filing a Class Action Complaint.

2. Defendant Yahoo! was served with a copy of the Complaint on September 29, 2010. A true and correct copy of the Summons and Complaint are attached as Exhibit A.

3. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Yahoo! has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1367.

A. **Yahoo! has satisfied the procedural requirements for removal.**

4. This Notice of Removal is filed within 30 days of Yahoo!'s receipt of the initial pleading as required by 28 U.S.C. § 1446(b), and it is timely.

5. No proceedings have occurred in the Superior Court of Fulton County, Georgia, as of the date of this Notice of Removal. Yahoo! has not filed a responsive pleading to the Complaint.

6. Removal to this court is proper pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the United States District Court for the Northern District of Georgia. The Superior Court of

Fulton County, State of Georgia is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. L.R. App. A, I. As such, this Court is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the complete record in the Superior Court of Fulton County, State of Georgia, Civil Action File No. 2010 CV 191482, is attached to this Notice as Exhibit A.

8. This Notice of Removal will be filed in the Superior Court of Fulton County, State of Georgia, with copies served on counsel of record, pursuant to 28 U.S.C. § 1446(d).

**B. <u>Removal is proper because the Court has subject matter jurisdiction.</u>**

    *i.    Federal Question Jursidiction*

9. This is a civil action in which this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. The claims under the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA") and the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, arise under the laws of the United States and therefore constitute federal questions giving the United States District Courts original jurisdiction over this matter. The Court has supplemental jurisdiction over

Plaintiff's claims for breach of contract and breach of the implied duty of good faith and fair dealing pursuant to 28 U.S.C. § 1367.

      *ii.    Jurisdiction under the Class Action Fairness Act*

10. While not necessary to consider given the other grounds for jurisdiction, the Court also has jurisdiction over these claims pursuant to 28 U.S.C. § 1332(d) as a "class action" pursuant to the Class Action Fairness Act ("CAFA").

11. CAFA vests United States District Courts with original jurisdiction when the aggregate amount in controversy for all class members exceeds $5,000,000 exclusive of interest and costs and any member of the class of plaintiffs is a citizen of a state different from any defendant. Those requirements are satisfied in this action, as set forth below in more detail and as established by Plaintiff's Class Action Complaint.

12. Neither the permissive nor mandatory provisions of CAFA for declining original jurisdiction are applicable to this action. Accordingly, as established in more detail below, federal jurisdiction is mandatory under CAFA.

13. Plaintiffs filed the action pursuant to O.C.G.A. § 9-11-23, which is analogous to Federal Rule of Civil Procedure 23 and thus a "State statute authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. Defendant Yahoo! Inc. is a Delaware Corporation. (Complaint ¶ 6). Plaintiff Sams is a resident of the State of Georgia. (Complaint ¶ 5). The diversity of citizenship between Plaintiff and Yahoo! satisfies the diversity requirements of CAFA. 28 U.S.C. § 1332(d). Moreover, while Plaintiff's citizenship satisfies the CAFA diversity requirements, CAFA requires only that the citizenship of "any member of a class" be diverse from "any defendant." Because Plaintiff's putative multi-state class attempts to include citizens of numerous states, CAFA diversity jurisdiction is further established.

15. The Complaint alleges that "the Class contains many thousands of members," which easily satisfies the 100 class member threshold.[1] (Complaint ¶ 21).

16. Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest in costs." 28 U.S.C. § 1332(d)(6); *see also Cappuccitti v. DirectTV, Inc.*, No. 09-14107, --- F.3d ----, 2010 WL 4027719 (11th Cir. Oct. 15, 2010) (there "is no requirement in a class action brought originally or on removal under CAFA that any individual plaintiff's claim exceed $75,000.")

---

[1] The court may assume that Plaintiff has estimated the number of class members in good faith. *See, e.g., Cappuccitti v. DirecTV, Inc.*, 09-14107, 2010 WL 4027719 at n.8 (11th Cir. Oct. 15, 2010) (assuming that the damages amount claimed by plaintiff was made in good faith.)

17.     The amount in controversy with respect to the claims made by Plaintiff and the putative class members is thus well in excess of $5,000,000.[2] Plaintiff claims that *each* class member is entitled to not less than $10,000 per class member under 18 U.S.C. § 2520(c)(2) as well as punitive damages. Plaintiff's proposed class of "thousands" of Yahoo!'s "230 million registered users", each of whom are allegedly entitled to not less than $10,000 in damages even excluding punitive damages, thus meets the aggregate $ 5,000,000 threshold for removal pursuant to CAFA.[3]  (Complaint ¶¶ 9, 21)

18.     CAFA contains additional provisions under which a District Court may or must decline jurisdiction. 28 U.S.C. § 1332(d)(3) & (4). However, neither of these provisions applies when the defendant is a citizen of a state other than the forum state. Because Yahoo! is not a citizen of Georgia, neither of these provisions applies to this action.

19.     By filing this Notice of Removal, Defendant does not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

---

[2] This Notice of Removal is based solely on the allegations of the Class Action Complaint. In arguing that the Plaintiff has alleged facts sufficient to meet the amount in controversy requirement, Yahoo! does not admit the facts alleged in Plaintiff's Class Action Complaint; even if the facts are true, Yahoo! does not admit that they state a claim; and even if the facts are true and state a claim, Yahoo! does not admit that there are any damages.

[3] Even if Plaintiff's allegation of "thousands" were construed to mean only 1,000 users, that would be sufficient to reach the $5,000,000 damages threshold, because $10,000 in statutory damages multiplied by 1,000 users equals $10,000,000 in alleged damages.

WHEREFORE, defendant Yahoo! respectfully requests that the above referenced action now pending against it in the Superior Court of Fulton County, State of Georgia, be removed therefrom to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 28th day of October, 2010.

Respectfully Submitted,

Christian S. Genetski, Esq.
Georgia Bar No. 789715
ZWILLINGER GENETSKI LLP
1705 N Street, NW
Washington, D.C. 20036
Phone: (202) 296-3585
Fax: (202) 706-5298
christian@zwillgen.com


Jeanine G. Garvie, Esq.
Georgia Bar No. 292590
Candice Wilson, Esq.
Georgia Bar No. 118221
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE, Suite 5300
Atlanta, Georgia 30308
Phone: (404) 527-4000
Fax: (404) 527-4198
jgarvie@mckennalong.com

*Attorneys for Defendant Yahoo! Inc.*

## **CERTIFICATE OF SERVICE**

The attorney whose signature appears below certifies that he has this day served upon Plaintiff the NOTICE OF REMOVAL to which this Certificate is attached by having caused to be deposited in the United States Mail first class mail in a properly addressed envelope with adequate postage affixed, a copy of the NOTICE addressed as follows:

>Joshua A. Millican
>Law Offices of Joshua A. Millican, P.C.
>44 Broad Street NW
>Suite 607
>Atlanta, GA 30303
>(404) 522-1152
>
>Anthony J. Morgese
>Morgese Law Firm
>3233 S. Cherokee Lane
>Building 1000
>Woodstock, GA 30188
>(770) 517-6711

This 28th day of October, 2010.

>Jeanine G. Garvie
>Georgia Bar No. 292590